IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

AUNTAVIOUS JASHON CURRY, # 275874,  )
                                    )
            Petitioner,             )
                                    )
      v.                            )        Civil Action No. 3:14cv998-WKW
                                    )                    (WO)
CYNTHIA STEWART, *et al.*,           )
                                    )
            Respondents.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama prisoner Auntavious Jashon Curry ("Curry").  Doc. No. 1.[1]

## I.   BACKGROUND

On April 19, 2011, a Lee County jury found Curry guilty of murder, in violation of

§ 13A-6-2, Ala. Code 1975.  After a sentencing hearing on June 10, 2011, the trial court

sentenced Curry to 55 years in prison.  Curry appealed, and by unpublished memorandum

opinion issued on December 9, 2011, the Alabama Court of Criminal Appeals affirmed his

conviction and sentence.  Doc. No. 13-3.  Curry applied for rehearing, which was overruled

on January 13, 2012.  Doc. Nos. 13-4 & 13-5.  He filed no petition for writ of certiorari

with the Alabama Supreme Court.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

On June 28, 2012, Curry filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  Doc. No. 13-7 at 5–22. In that petition, he presented claims that his trial counsel rendered ineffective assistance in the following ways:

1.  Counsel did not adequately prepare for trial because counsel failed to move for a continuance after the State added numerous witnesses to its witness list shortly before trial and failed to interview expert witnesses and other potential witnesses who may have had information pertinent to his defense.

2.  Counsel failed to correctly advise him of his eligibility to earn correctional incentive good time if he pled guilty to the lesser included offense of manslaughter.

3.  Counsel did not adequately argue the motion to suppress his statement to police on the ground of his alleged intoxication.

4.  Counsel did not inform him of his right not to testify.

5.  Counsel elicited prejudicial evidence of his prior conviction for discharging a firearm into an occupied dwelling.

6.  Counsel failed to present "critical evidence" of the victim's blood-alcohol and drug levels that would have supported a claim of self-defense and failed to request a jury instruction on the victim's intoxication.

7.  Counsel failed to object to the jury's consideration, during its deliberations, of photographs not admitted into evidence.

8.  Counsel failed to object to the trial court's allegedly incomplete instruction on self-defense, which omitted the element providing that a party asserting self-defense must be free from fault in the altercation.

Doc. No. 13-7 at 13–22.

After the State responded to Curry's Rule 32 petition, the trial court entered an order summarily denying the petition.  *See* Doc. No. 13-7 at 26–33.  Curry appealed, reasserting

most of his claims.  Doc. No. 13-8.  By order dated August 16, 2013, the Alabama Court of Criminal Appeals remanded the case for the trial court to reconsider Curry's petition, to take evidence if necessary on Curry's claims, and to make specific written findings regarding his claims.  Doc. No. 13-10.  After appointing counsel for Curry and conducting an evidentiary hearing (*see* Doc. No. 13-11 at 36–144), the trial court entered a six-page order with findings addressing each of Curry's claims and concluding that Curry had failed to prove that his trial counsel rendered ineffective assistance (*id.* at 25–30).

On return to remand, by an unpublished memorandum opinion entered on February 28, 2014, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying Curry's Rule 32 petition, holding that Curry's claims of ineffective assistance of counsel failed to establish deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).  Doc. No. 13-12.  Curry applied for rehearing.  Doc. No. 13-13.  On June 6, 2014, on application for rehearing on return to remand, the Alabama Court of Criminal Appeals overruled Curry's application for rehearing, withdrew its February 28 memorandum opinion, and substituted it with an unpublished memorandum opinion that again affirmed the trial court's denial of Curry's Rule 32 petition.  Doc. No. 13-14.  Curry filed no petition for writ of certiorari with the Alabama Supreme Court.  On June 25, 2014, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. No. 13-15.

On September 29, 2014, Curry initiated this federal habeas action by filing a § 2254 petition asserting the same eight claims of ineffective assistance of trial counsel he presented in his state Rule 32 petition.  Doc. No. 1-1 at 1–10.  The respondents contend

3

that Curry's claims are unexhausted and procedurally defaulted because he failed to present them through one complete round of state court appellate review and he may no longer return to state court to exhaust them.  Doc. No. 13 at 9-12.

After consideration of the parties' submissions, the record, and the pertinent law, the undersigned finds that Curry is not entitled to habeas relief because his claims are procedurally barred from federal review; therefore, his § 2254 petition should be denied without an evidentiary hearing.  *See* Rule 8(a) of the Rules Governing Section 2254 Cases in United States District Courts.

## II.   DISCUSSION

### A.   Procedural Default

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in

4

the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40.   The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."  *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### B.   Curry's Claims Are Procedurally Defaulted.

A review of the record confirms the respondents' contention that Curry failed to exhaust his habeas claims through one complete round of state court appellate review during his state post-conviction proceedings.  *See* Doc. No. 13 at 9–12.  Specifically, Curry filed no petition for writ of certiorari with the Alabama Supreme Court after the Alabama Court of Criminal Appeals affirmed the trial court's denial of his Rule 32 petition and overruled his application for rehearing of that appellate court decision.  As stated above in this Recommendation, the exhaustion requirement applies to state post-conviction proceedings and to direct appeals.  *Pruitt*, 348 F.3d at 1359.  Moreover, the respondents correctly observe that Curry may no longer return to the state courts to exhaust his claims

because the time for him to seek state certiorari review has long since passed, and he has no other available remedies. *See* Ala.R.App.P. 39(c)(2) (petition for writ of certiorari must be filed with the Alabama Supreme Court within 14 days after the decision of the Alabama Court of Criminal Appeals on the appellant's application for rehearing). Thus, the exhaustion and preclusion rules coalesce into the procedural default of Curry's claims. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

## C.   Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).[2] Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim that was not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray,* 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial

---

[2] Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327. Curry does not try to argue that the actual-innocence exception provides a gateway for review of his procedurally defaulted claims.

disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

Curry maintains that the procedural default of his habeas claims should be excused because, he says, during the relevant 14-day period for him to file a petition for writ of certiorari with the Alabama Supreme Court (after the Alabama Court of Criminal Appeals affirmed the judgment denying his Rule 32 petition), he was hospitalized for sickle cell crisis and other unspecified illnesses he says prevented him from filing a petition for certiorari.  Doc. No. 20 at 2–3; *see* Doc. No. 1 at 12.  According to Curry, he has suffered from sickle cell disease since birth, and during the onset of a sickle cell crisis, he may be hospitalized for pain treatment that includes the administration of medicine and heavy intravenous fluids, "and sometimes blood transfusions."  Doc. No. 2 at 2.  He states that, during the time for him to file a petition for certiorari, "he was back and forth from the ward at Fountain Correctional Facility where he was incarcerated and the free world," apparently meaning a free world hospital.  *Id.*

Because of Curry's assertions about his health issues, this court directed the Respondents to file a supplemental answer containing prison records and a medical affidavit relevant to Curry's whereabouts and medical condition and treatment from around June 6, 2014, through around June 20, 2014—the time during which Curry had to file a petition for certiorari with the Alabama Supreme Court.  Doc. No. 26.  In compliance with the court's orders, the Respondents have submitted verified copies of records from Curry's medical file from the health services administrator at Fountain Correctional Facility.  Doc. No. 27-2.  These records reflect that Curry made a sick-call visit to the Fountain infirmary

on June 10, 2014, complaining of chest pain, coughing, and nausea and experiencing vomiting, for which he was treated and released without being held overnight.[3]  *Id.* at 8–10.  No medical referral was made at that time.  *Id.* at 9.  Curry's next medical encounter according to the records was on June 16, 2014, when he again made a sick-call visit to the prison infirmary complaining of back pain.  *Id.* at 11.  The treatment prescribed at that time was rest, with no medical referral being made.  *Id.* at 12.  Later that same day, Curry returned to the prison infirmary experiencing both back and abdominal pain.  *Id.* at 13.  He also vomited twice.  *Id.*  He was administered anti-nausea medication and released with no further medical referral.  *Id.*  The medical records reflect that Curry's next medical encounter took place on June 23, 2014, when he received unspecified outpatient treatment at Atmore Community Hospital.  *Id.* at 16.

After considering the records from Curry's medical file, the court finds Curry has not shown his health problems prevented him from filing a timely petition for certiorari with the Alabama Supreme Court.  Consequently, his health problems do not amount to "cause" excusing his failure to comply with state procedural rules.  Curry visited the prison infirmary on only two days during the two-week period for him to draft and file a petition for certiorari.  While there is no question he was ill on those two days and feeling possible effects of a sickle cell crisis, he was treated and released without medical referral after each sick-call visit.  Further, the records indicate Curry did not leave the prison for outpatient

---

[3] Curry made a sick-call visit to the prison infirmary on June 4, 2014, complaining of back and side pains. Doc. No. 27-2 at 4–6.  He was prescribed a nonsteroidal anti-inflammatory medication, to be taken twice a day for a month.  *Id.* at 7.

treatment at a "free world hospital" until after the time for him to file a petition for certiorari had run.  Thus, Curry does not support his claim he was hospitalized during the relevant time.  Assuming, for purposes of cause, that a *pro se* inmate's severe physical ailments may constitute an "objective factor external to the defense imped[ing] efforts to comply with the state's procedural rules,"[4] Curry has not shown that his own health problems made it impossible or even unduly burdensome for him to file a petition for certiorari with the Alabama Supreme Court during the two-week period in June 2014 when such a petition would have been deemed timely.  Therefore, he has not demonstrated cause excusing his failure to exhaust his claims through a complete round of appellate review in his state post-conviction proceedings.

Because Curry fails to establish cause excusing his procedural default, his claims are foreclosed from federal habeas review.

## III.   CONCLUSION

---

[4] This court and the parties have located no authority holding that an inmate's physical ailments can establish sufficient cause to excuse a procedural default.  Although some courts have found that profound mental illness may constitute cause to excuse a procedural default in certain circumstances, they have required petitioners to establish facts conclusively showing that the mental illness actually caused the failure to exhaust.  *See, e.g., Ervin v. Delo*, 194 F.3d 908, 915 (8th Cir. 1999) *Farabee v. Johnson*, 129 F. App'x 799, 802–04 (4th Cir. 2005).  *But see Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (rejecting mental illness as cause for procedural default, reasoning that "[s]omething that comes from a source within the petitioner is unlikely to qualify as an external impediment"); *Morgan v. Chandler*, 367 F. App'x 700, 703 (7th Cir. 2010) (emphasis in original) ("Morgan attributes his failure to [exhaust in state court] to his mental condition.  But to show good cause for the default, Morgan would have to identify a factor *external* to his defense that precluded him from raising the claim in his petition to the Supreme Court of Illinois.").  Even though this court for purposes of this Recommendation has assumed that a *pro se* inmate's severe physical ailments may constitute an "objective factor external to the defense" sufficient to establish cause in certain circumstances, the nature of Curry's physical ailments shown by the record is insufficient to establish Curry's inability to file a timely petition for certiorari with the Alabama Supreme Court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **June 29, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 13th day of June, 2017.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE