IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AUNTAVIOUS JASHON CURRY, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:14-CV-998-WKW |
| | ) (WO) |
| CYNTHIA STEWART, Warden, and STEVE MARSHALL, Attorney General of the State of Alabama,[1] | ) |
| Defendants. | ) |

# **ORDER**

On August 26, 2016, the Magistrate Judge entered a Recommendation (Doc. # 28) that Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, is procedurally barred because of Petitioner's failure to complete the appellate review process in state court when he failed to seek a writ of certiorari from the Alabama Supreme Court. Petitioner filed an Objection (Doc. # 29) to the Recommendation. The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

Petitioner argues that his failure to complete the state court appellate process should be excused because physical illness prevented him from timely filing the

---

[1] Steve Marshall succeeded Luther Strange as Attorney General. Therefore, Steve Marshall is automatically substituted for Luther Strange as a Defendant by operation of Rule 25(d) of the Federal Rules of Civil Procedure.

petition for writ of certiorari.[2] The record supports Petitioner's argument that his illness was serious and may have made filing the certiorari petition difficult during at least some portion of the relevant time period. However, for the reasons stated in the Government's third response to Petitioner's habeas petition (Doc. # 27) and the Recommendation (Doc. # 28), Petitioner has not demonstrated that the illness was of such severity that timely filing the petition was impossible or so unduly burdensome as to arguably[3] constitute the sort of "objective factor external to the defense" that would excuse procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Accordingly, it is ORDERED that the Recommendation (Doc. # 28) is ADOPTED; that Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, is DENIED; and that this action is DISMISSED with prejudice.

Final judgment will be entered separately.

DONE this 12th day of September, 2017.

                                           /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The medical records do not support Petitioner's assertion that he was placed on "bed rest" prior to being transferred to the hospital, only that he was instructed to "rest." (Doc. # 27-2 at 12.) Medical notes from June 4, 2014, indicate that Petitioner reported to medical personnel that lying down increased his pain and sitting straight up decreased his pain. (Doc. # 27-2 at 8.)

[3] As the Magistrate Judge noted in the Recommendation, case law is devoid of support for the proposition that physical illness excuses procedural default.